Sandra R. SKIPPER and David R. Skipper, Plaintiffs,

v.

PRINCE GEORGE'S COUNTY, Prince George's County Police Department, Shawn Taaffe, and John Bauer, Defendants.

Civ. A. No. 86–0246.

United States District Court, District of Columbia.

May 29, 1986.

Anthony L. Stewart, Washington, D.C., for plaintiffs.

Michael O. Connaughton, Deputy Co. Atty., Sherrie L. Krauser, Associate Co. Atty., Upper Marlboro, Md., for defendants.

## MEMORANDUM OPINION AND ORDER

THOMAS F. HOGAN, District Judge.

This diversity action, which sounds in negligence and respondeat superior, was filed on January 27, 1986. In a three-count complaint, plaintiffs allege that on or about January 28, 1983, defendants Shawn Taaffe and John Bauer, who were employed by defendant Prince George's County ("P.G. County") and on duty as officers of defendant Prince George's County Police Department ("the Police Department"), pursued Raymond Vanfield (a non-party) in a high speed automobile chase that originated in P.G. County. Plaintiffs allege further that Taaffe and Bauer chased Vanfield across the county line into the District of Columbia, where the vehicle operated by Vanfield struck that of plaintiff Sandra R. Skipper at the intersection of Nash Street and Eastern Avenue, Northeast. The complaint contends that Vanfield was finally apprehended by Taaffe and Bauer at 48th and Lee Streets, Northeast. Sandra R. Skipper purportedly suffered severe neck and back injuries and a miscarriage because of the Vanfield collision.

In Count I of the Complaint, the Skippers assert that P.G. County and the Police Department are liable to Sandra R. Skipper for having negligently selected, hired, trained and supervised Taaffe and Bauer, whose negligence proximately caused her injuries. In Count II, the plaintiffs seek $250,000 from Taaffe and Bauer for having negligently chased Vanfield into the District, and thereby having proximately caused the collison and injuries discussed above. David R. Skipper, Sandra's husband, seeks $50,000 in loss of consortium and related damages in Count III of the Complaint.[1]

The Court must presently evaluate the respective motions to dismiss of defendants P.G. County and the Police Department, as well as the motion for a change of venue filed by Taaffe and Bauer. In consideration of said motions, and their respective oppositions and replies, the Court concludes that only the Police Department's motion to dismiss shall be granted. P.G. County's motion to dismiss and Taaffe and Bauer's motion for a change of venue shall be denied.

### A. *P.G. County's Motion to Dismiss*

P.G. County has moved to dismiss the complaint under Rules 12(b)(1), (2), (3), and (6) of the Federal Rules of Civil Procedure. This defendant's challenge is based upon the argument that, "[a]s a municipal corporation, Prince George's County, Maryland is immune from civil liability, except to the extent that its Charter affirmatively waives such immunity." *P.G. County's Motion to Dismiss,* at 1–2.

Section 1013 of P.G. County's Charter provides in pertinent part as follows:

> The County may be sued in actions sounding in tort for which its officers, agents, and employees may be liable, by *actions filed in the courts of the State of Maryland, or in the United States District Court for the District of Maryland, with a maximum liability of Two-hundred Fifty Thousand Dollars ($250,-000) per individual, per occurrence,* to the extent of its insurance coverage, whichever may be greater. . . .

(Emphasis added.) P.G. County contends that, by virtue of Section 1013, this Court lacks subject matter jurisdiction over the Skippers' action, venue in this forum is

---

1. Plaintiffs have not joined Vanfield as a defendant, because they "have reached a settlement with Mr. Vanfield and released him from any further liability to plaintiffs." *Complaint* at p. 8.

improper, and the plaintiffs have failed to state a claim for which relief may be granted. To bolster this contention, P.G. County argues that this Court lacks personal jurisdiction over it, because the individual defendants, Taaffe and Bauer, were not present in the District of Columbia at the time of the Vanfield-Skipper collision. *See also infra* Part C (motion of individual defendants for change of venue).

In *Nevada v. Hall*, 440 U.S. 410, 99 S.Ct. 1182, 59 L.Ed.2d 416 (1979), the Supreme Court held that federal constitutional law did not prohibit one state's court from entering a judgment against or asserting jurisdiction over another sovereign state. The *Hall* Court decided that nothing in the United States Constitution *required* one state to accord immunity to a second state. In this diversity action, the Court is sitting as if it were a District of Columbia trial court. Under the ruling in *Hall*, therefore, this Court is not compelled by the Full Faith and Credit Clause to recognize the immunity provided P.G. County, a political subdivision of the State of Maryland, by Section 1013.

This Court *may*, however, apply the immunity provision cited by P.G. County, if such an application would not violate the policies of the District. *Biscoe v. Arlington County*, 738 F.2d 1352, 1357 (D.C.Cir. 1984). In *Arlington County*, the United States Court of Appeals for the District of Columbia Circuit affirmed the district court's refusal to recognize a Virginia law, which provided Virginia counties with full immunity for torts committed by county employees. In evaluating the choice of law problem before it under the governmental interest analysis, the *Arlington County* panel recognized that Virginia's immunity statute reflected both the state's concern for the financial integrity of its counties and its fear that the prospect of county liability would deter police officers from proper performance of their duties. *Id.* at 1360. Nonetheless, the court determined that the District's interests in deterring potential tortfeasors and compensating injured parties were paramount to Virginia's articulated interests. *Id.* at 1361. Accord-

ingly, the *Arlington County* court concluded that Virginia's immunity law was contrary to the policies of the District of Columbia.

In the present case, the Court, in accordance with this Circuit's *Arlington County* decision, concludes that an application of Section 1013 of P.G. County's Charter would also violate the policies of the District. Although the provision waives P.G. County's sovereign immunity, it is flawed in two respects in regard to this litigation. First, it requires an injured party to bring suit against a Maryland county in a Maryland forum (albeit that the United States District Court for the District of Maryland is an alternative); thus, the section would preclude a District of Columbia court from entertaining a suit brought by a District resident who was injured in the District. Second, Section 1013 limits a plaintiff's recovery to $250,000 for the tort liability of a P.G. County employee.

These two restrictions are not found in the comparable District of Columbia provision that waives the District's immunity for "negligent operation of vehicles by District employees." D.C.Code Ann. § 1–1212 (1981) provides in pertinent part as follows:

> [T]he District of Columbia shall not assert the defense of governmental immunity in any suit at law in which a claim is asserted against it for money only on account of damage to or loss of property or on account of personal injury or death caused by the negligent or wrongful act or omission of any employee of the District occurring as the result of the operation by such an employee, within the scope of his office or employment, of a vehicle owned or controlled by the District....

This local statute does not expressly require that, where the District of Columbia is named as a defendant, the District be sued only in the local trial court or the United States District Court for the District of Columbia—even if the relevant accident occurs outside of the District. Nor does it place a cap on the amount of dam-

ages an injured party may recover from the District in an automobile accident case where the plaintiff alleges negligence on the part of a District employee. Therefore, this Court resolves the choice of law issue before it just as the *Arlington County* panel resolved its choice of law issue: [A]pplication of ... [the non-forum state's] policy of immunity would clearly frustrate District policies in favor of deterrence and compensation...." 738 F.2d at 1358. The Court refuses to recognize Section 1013 of P.G. County's Charter. Accordingly, P.G. County's motion to dismiss this case, under Rules 12(b)(1), (3), and (6), shall be denied.

■ Finally, because the individual officer defendants, Taaffe and Bauer, failed to raise the defense of lack of personal jurisdiction in their answer to the complaint, *see infra* Part C, P.G. County, their employer, cannot seek dismissal on the ground that Taaffe and Bauer may not have been present in the District of Columbia at the precise moment the Vanfield-Skipper collision occurred. Therefore, P.G. County's motion to dismiss under Rule 12(b)(2) shall be denied.

### B. *The Police Department's Motion to Dismiss*

The Police Department contends that, because it is a subdivision of P.G. County, and, therefore, not an entity subject to suit, the Court must dismiss the complaint for lack of personal jurisdiction under Rule 12(b)(2). The plaintiffs have failed to oppose this motion; and, at a Rule 16(b) scheduling conference,[2] plaintiffs' counsel conceded that the Police Department's contention was correct. Thus, the Court shall grant the defendant Police Department's motion to dismiss the complaint as to it.

### C. *The Individual Officers' Motion for a Change of Venue*

■ In their joint answer to the complaint, defendants Taaffe and Bauer denied "that their alleged negligent acts occurred in the District of Columbia...." ¶ 3. Upon this ground, the individuals chal-

lenged venue here. These defendants failed, however, to raise in their answer the defense of lack of personal jurisdiction. They are, therefore, precluded from raising this defense for the duration of this litigation. *See* Fed.R.Civ.P. 12(h)(1) (personal jurisdiction defense waived unless raised in responsive pleading or Rule 12 motion). *See also supra* Part A (P.G. County precluded from seeking dismissal on ground that Court lacks personal jurisdiction over individual defendants).

Taaffe and Bauer filed a motion for a change of venue, pursuant to 28 U.S.C. § 1404(a). The defendants argue that a change is needed for the convenience of parties and witnesses and in the interest of justice, despite the facts that P.G. County is adjacent to the District of Columbia, the individual defendants both work in P.G. County for the defendant Police Department, and the plaintiffs—and presumably several of the witnesses—live in the District. The officers assert that, because their alleged negligent acts occurred in Maryland, sufficient contacts to this forum are lacking and the Court should therefore transfer this action to the United States District Court for the District of Maryland in Baltimore. In support of this request, the individual defendants have furnished the Court with their *own* affidavits. The sworn statements of both policemen reflect that, although their cruiser was about 150 yards behind Vanfield's vehicle when it collided with that of Sandra Skipper, and each officer witnessed the collision, the individual defendants were physically located in P.G. County more than 100 yards from the District of Columbia line at the precise moment of impact.

These self-serving remarks do not, however, directly contradict the plaintiffs' allegations concerning the sequence of events of the Vanfield accident and subsequent arrest. In the complaint, the Skippers contended that the officers chased Vanfield into the District, where Vanfield's vehicle struck that of Sandra Skipper. The com-

---

**2.** The defendants' counsel was absent from this    conference.

plaint contends further that Vanfield's vehicle did not stop after the collision, "but continued and was finally stopped by defendants Taaffe and Bauer ..." inside the District's boundary line. *Complaint* ¶ 9. Thus, in the context of defendants' motion for a change of venue, construing all of the allegations of the complaint in the light most favorable to the plaintiffs, the Court cannot conclude that the uninterrupted acts of Taaffe and Bauer did not proximately cause the Vanfield-Skipper collision to occur "in" the District of Columbia—even though these defendants may not have been physically present within the District at the precise moment of the accident.[3] Therefore, at this juncture, the Court determines that there is a sufficient connection between these defendants and this forum to make it fair to require defense of the action here as opposed to in Baltimore, Maryland. Accordingly, the defendants' motion for a change of venue shall be denied.

## CONCLUSION

In accordance with this opinion, it is by the Court, this 29th day of May, 1986, hereby

ORDERED that defendant Prince George's County's motion to dismiss is DENIED; and it is

FURTHER ORDERED that defendant Prince George's County Police Department's motion to dismiss is GRANTED; and it is

FURTHER ORDERED that the motion of defendants Taaffe and Bauer for a change of venue is DENIED.

---

**3.** In opposition to the motion for a change of venue, plaintiffs' counsel produced the unsworn statement of an alleged eyewitness to the accident, Melvin B. Gordon. His statement maintains that, as the vehicles of both Vanfield and the police officers approached the intersection at the District line, "neither ... stopped at the stop sign or the corner.... Both the Prince George's Police car and the chased vehicle came up on the sidewalk of the street and then went around Sandra Skipper and back into the street (Eastern Avenue). The police car nor the chased vehicle never [sic] stopped." In addi-

tion, the Skippers' counsel filed a copy of the District of Columbia police report regarding the collision. This report indicates that Taaffe and Bauer had chased Vanfield from Maryland into the District and were in pursuit of Vanfield when the accident occurred. Thus, plaintiffs' counsel has produced evidence, in regard to the events surrounding the accident, to bolster the complaint's allegations. The Court determines that counsel's efforts to produce such evidence demonstrate a good faith attempt, in accordance with Fed.R.Civ.P. 11, to show that the allegations are well grounded in fact.